UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Charlottesville Division)

DELWIN WAYNE WASHINGTON,

       Plaintiff,

v.                                                                          Case No. _____

PENDER & COWARD, A PROFESSIONAL
  CORPORATION
d/b/a DOMINION LAW ASSOCIATES
SERVE: William A. Lascara, Registered Agent
222 Central Park Ave., Suite 400
Virginia Beach, VA 23462

and

MIDLAND FUNDING, LLC
Serve: Clerk, State Corporation Commission
      P.O. Box 1197
      Richmond, VA 23218-1197

and

Serve  Corporation Service Co., Registered Agent
      2711 Centerville Road, Suite 400
      Wilmington, DE 19808,

       Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Introduction

    1.    This action seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with its pre-petition efforts to collect a debt. The Plaintiff seeks monetary relief based on the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

    2.    The violations center around debt collections letter sent from the Defendants on or around April 16, 2010 and May 18, 2010. The Plaintiff does not dispute that he owes the debt that is the subject of this action and in fact he has listed this debt on Schedule F of his Chapter 13 petition. This claim for relief has also been duly listed on Schedule B of the petition filed in this case.

## Jurisdiction

3.      This Court has jurisdiction pursuant to 28 USC §1331 and the FDCPA, 15 U.S.C. §1692K(d).

## Parties

4.      The Plaintiff, Delwin Wayne Washington, is a citizen and resident of Charlottesville, Virginia. The Plaintiff is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. §1692a(3).

5.      The Defendant, Pender & Coward, doing business as Dominion Law Associates, ("Dominion Law") is upon information and belief a business entity primarily engaged in the collection of consumer debts due to another that maintains its primary place of business in Virginia Beach, Virginia.

6.      The Defendant, Midland Funding, LLC, ("Midland Funding") is upon information and belief a business entity primarily engaged in the collection of consumer debts due to another that maintains its primary place of business in San Diego, California.

## Facts

7.      The Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, or debt which was in default when purchased by the Defendant, and are "debt collectors" within the meaning of the FDCPA, as defined at 15 U.S.C. §1692a(6).

8.      The Defendants have engaged in a campaign of collection abuse attempting to collect a purported consumer debt based on an alleged debt to Midland Funding LLC ("the alleged debt").

9.      Midland Funding, LLC is not the original creditor of the alleged debt. The original creditor is unknown to the Plaintiffs.

10.     Midland Funding, LLC hired Dominion Law to assist in the collection of the alleged debt.

11.     On or about May 18, 2010, the Plaintiff received a debt collection letter from the Dominion Law (the "Letter"). The letter is attached hereto and incorporated herein as Exhibit A.

12.     Dominion Law sent the Letter at the request of Midland Funding.

13.     The Letter contains the following language: "We will be proceeding with legal action against you for our client, Midland Funding, LLC…Judgments are public record and usually become a part of your credit record with major national credit reporting agencies…Paying your account before suit is filed will resolve this matter and avoid a court proceeding"

14. The Plaintiff did not contact the Defendant Dominion Law and the matter was not resolved following the Letter.

15. The Defendant Dominion Law did not initiate any legal action against the Plaintiff.

16. The Defendant Midland Funding is a foreign limited liability company that is not registered in the Commonwealth of Virginia within the meaning of Va. Code. §13.1-1057.

17. The Defendant Midland Funding may not be the Plaintiff to a lawsuit in Virginia pursuant to §13.1-1057.

18. The Defendant Dominion Law knew or should have known that it could not institute a legal proceeding on behalf of the Defendant Midland Funding against the Plaintiff.

19. The Defendant Midland knew that it could not institute a legal proceeding in Virginia.

20. The Defendant Dominion, individually and as agent of the Defendant Midland, had no intent to file a lawsuit against the Plaintiff when the Letter was sent.

21. The Defendant Midland had no intent of filing a lawsuit at the time that it instructed Dominion Law to mail the Letter to the Plaintiff.

22. The debt that is the subject of the collection letters arises out of a consumer debt.

### First Claim for Relief – Violation of Fair Debt Collection Practices Act

23. The allegations in paragraphs 1 through 19 of this complaint are realleged and incorporated herein by this reference.

24. The foregoing acts and omissions by the Defendants constitute violations of the Fair Debt Collection Practices Act, which include, but are not limited to, the following:

   a. The Defendants violated 15 U.S.C. Section 1692d by engaging in conduct the natural consequences of which was to harass, oppress, or abuse the Debtors in connection with the collection of a debt;

   b. The Defendants violated 15 U.S.C. Section §1692f engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt;

   c. The Defendants violated 15 U.S.C. Section 1692e, by making a false, deceptive, or misleading representation or means in connection with the debt collection;

   d. The Defendants violated 15 U.S.C. Section 1692e(5), by threatening to take action that was not intended to be taken;

  e. The Defendants violated 15 U.S.C. Section 1692e(10), by making a false representation or by using deceptive means to collect a debt or obtain information about a consumer;

 25. As a result of the above violations of the Fair Debt Collection Practices Act, the Defendants are liable to the Plaintiff for actual damages, statutory damages of $1,000.00, punitive damages and legal fees and expenses pursuant to 11 U.S.C. § 1692k.

**WHEREFORE,** the Plaintiff having set forth his claim for relief against the Defendants respectfully prays of the Court as follows:

 A. That the Plaintiff recovers against the Defendants a sum to be determined by the Court in the form of actual damages for its violations of the Fair Debt Collection Practices Act;

 B. That the Plaintiff recovers against the Defendants in the amount of $10,000.00 in the form of statutory damages;

 C. That the Plaintiff recovers against the Defendants a sum to be determined by the Court in the form of punitive damages for the willful violations of the Fair Debt Collection Practices Act;

 D. That the Plaintiff recovers against the Defendants all reasonable legal fees and expenses incurred by his attorney;

 E. That the Plaintiff has such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY IS DEMANDED.**

                Respectfully submitted,

                DELWIN WAYNE WASHINGTON

                By counsel

Dated: October 13, 2010.

<u>/s/ C. Connor Crook</u>
C. CONNOR CROOK, VSB #71599
EAMON F. REDMOND, VSB #77230
BOYLE, BAIN, REBACK & SLAYTON
420 Park Street
Charlottesville, VA  22902
Phone: (434) 979-7900
Fax: (434) 293-5017
Counsel for Plaintiff